**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
CRIMINAL CASE NO. 1:20-cr-0022-MR-WCM-2**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | **O R D E R** |
| | ) | |
| **(2) DEREK WILSON,** | ) | |
| | ) | |
| **Defendant.** | ) | |
| _____ | ) | |

**THIS MATTER** is before the Court on the Defendant's Motion to Seal [Doc. 82].

The Defendant, through counsel, moves the Court for leave to file a Sentencing Memorandum [Doc. 81] under seal in this case. For grounds, counsel states that the memorandum contains detailed sensitive and private personal information concerning the Defendant's present medical condition. [Doc. 82 at 1].

Before sealing a court document, the Court must "(1) provide public notice of the request to seal and allow interested parties a reasonable opportunity to object, (2) consider less drastic alternatives to sealing the documents, and (3) provide specific reasons and factual findings supporting

its decision to seal the documents and for rejecting the alternatives." Ashcraft v. Conoco, Inc., 218 F.3d 288, 302 (4th Cir. 2000).

In the present case, the public has been provided with adequate notice and an opportunity to object to the Defendant's motion. The Defendant filed his motion on January 6, 2021, and it has been accessible to the public through the Court's electronic case filing system since that time.

The Fourth Circuit has addressed the balancing that the Court should undertake in determining what portions, if any, should be redacted from exhibits in a criminal case. United States v. Harris, 890 F.3d 480, 492 (4th Cir. 2018). References to a defendant's cooperation are entitled to sealing and should be redacted. No such information, however, is found in the exhibits at issue here. As for other information a defendant seeks to seal, the Court should consider the privacy interests of individuals related to a criminal case without undermining the public interest in access to the judicial process, particularly including information material to understanding the case. Id. at 492. For instance, identities of and information regarding a defendant's family members (particularly minors) are rarely germane to the factors for sentencing and thus would ordinarily be allowed to be redacted. Id. However, the more significant the information to any relief a defendant seeks, the less likely it should be placed in the record under seal.

In the present case, the Memorandum contains the Defendant's personal information regarding his present medical condition. However, this information is central to the argument Defendant makes for leniency. Further, the information contained in the Memorandum is integral to the arguments the Defendant intends to make at sentencing. However, the Defendant's sentencing hearing is public, and the Defendant has provided no basis for conducting a closed hearing. In balancing the Defendant's right to privacy regarding matters that are peripheral to the relief he seeks against the public's right to know of the proceedings of this Court and the basis for its decisions, the Court in its discretion denies the Motion to Seal.

**IT IS, THEREFORE, ORDERED** that the Defendant's Motion to Seal [Doc. 82] is **DENIED**. The Clerk of Court is directed to unseal the Defendant's Sentencing Memorandum [Doc. 81] upon the entry of this Order

**IT IS SO ORDERED.**

Signed: January 21, 2021

Martin Reidinger
Chief United States District Judge

3